22-1715-cv
*Tenemille v. Town of Ramapo*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of September, two thousand twenty-five.

PRESENT:
        DEBRA ANN LIVINGSTON,
           *Chief Judge*,
        JOSÉ A. CABRANES,
        BARRINGTON D. PARKER,
           *Circuit Judges.*

_____

Ernst Theodore Tenemille,

    *Plaintiff-Appellant*,

    v.                                   22-1715

Town of Ramapo, Christopher St. Lawrence, Ex-Town Supervisor, Patrick Withers, Councilman, Town of Ramapo Police Department, Bradley R. Weidel,

**Chief of Police, Thomas Cokeley, Chief of Staff, David Holmes, Police Lieutenant, William Gravina, Ex-Administrative Lieutenant, Daniel Hyman, Squad Lieutenant, Brian Corbett, Detective Sergeant, Salomon Matos, Squad Sergeant, Christopher Franklin, Desk Sergeant, Al Gumbs, Police Sergeant,**

*Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT: Ernst T. Tenemille, pro se, New City, NY.

FOR DEFENDANTS-APPELLEES: Steven C. Stern, Sokoloff Stern LLP, Carle Place, NY.

Appeal from a judgment and order of the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment and June 7, 2022 order of the district court are **AFFIRMED**.

Ernst Theodore Tenemille, pro se, appeals from the district court's dismissal of his employment discrimination action and the denial of his Federal Rule of Civil

2

Procedure 60(b) motion for reconsideration. Tenemille commenced this action against the Town of Ramapo (the "Town"), the Town of Ramapo Police Department (the "Department") (his former employer), and Town and Department officials, alleging discrimination, harassment, and retaliation, culminating in his December 2016 termination, allegedly in violation of Title VII, 42 U.S.C. § 1983, and several state law provisions.

Tenemille's pro se fourth amended complaint alleged that he was employed by the Department as a police officer from August 2002 until December 2016. In November 2015, Tenemille was investigated by the Police Department for submitting allegedly improper sick notes for absences due to a minor injury, culminating in his termination on December 16, 2016. Tenemille alleged that the investigation and his termination were due to discrimination based on his national origin and/or his race, and as retaliation for his protected activity of questioning the Defendants' access of his private medical information.

The defendants moved, under Federal Rule of Civil Procedure 12(b)(6), to dismiss the fourth amended complaint as time-barred and for failure to state a claim. In January 2022, the district court granted the defendants' motion to dismiss, reasoning that some of Tenemille's allegations were time-barred, and that

3

his timely allegations failed to state a claim. The court granted Tenemille 30 days to file a fifth amended complaint.

In lieu of amending, Tenemille moved for reconsideration. The district court construed the motion under Rule 60(b) and denied it, concluding that relief was not warranted. Tenemille timely appealed the district court's judgment and the denial of his motion for reconsideration.

We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

## I.     Dismissal of the Fourth Amended Complaint

"We review a dismissal for failure to state a claim *de novo*." *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024). "A complaint survives a Rule 12(b)(6) motion to dismiss if the facts, taken as true and with all reasonable inferences drawn in the plaintiff's favor, state a plausible claim to relief." *Id.* "While we are required to assume the truth of the 'well-pleaded factual allegations' in the complaint, that obligation is 'inapplicable to legal conclusions,' such as '[t]hreadbare recitals of the elements of a cause of action' that are 'supported by mere conclusory statements.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)).

4

"[T]o properly assert a claim of discrimination against an employer under Title VII, a plaintiff must allege two elements: (1) the employer discriminated against [him] (2) because of [his] race, color, religion, sex, or national origin." *Buon v. Spindler*, 65 F.4th 64, 78 (2d Cir. 2023) (internal quotation marks and citation omitted). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Id.* (citation omitted). "A state employee acting in his official capacity is acting under color of state law," and "[o]nce the color of law requirement is met, a plaintiff's equal protection claim parallels his Title VII claim, except that a § 1983 claim, unlike a Title VII claim, can be brought against an individual." *Id.* (citations omitted).

"[F]or a discrimination claim to survive a motion to dismiss, absent direct evidence of discrimination, what must be plausibly supported by facts alleged in the complaint is that the plaintiff (1) is a member of a protected class, (2) was qualified, (3) suffered an adverse employment action, and (4) has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Id.* (alterations, internal quotation marks, and citation omitted).

5

We agree with the district court that Tenemille's allegations related to his doctors' notes failed to plausibly allege discriminatory intent, as necessary to survive a motion to dismiss.

To establish an inference of discrimination through the use of comparators, Tenemille was required to show "a reasonably close resemblance of the facts and circumstances of [his] and [his] comparator's cases." *Radwan v. Manuel*, 55 F.4th 101, 132 (2d Cir. 2022) (internal quotation marks and citation omitted). Here, Tenemille asserted that there were numerous "similarly situated" white officers who "turned in doctor's notes identical to Plaintiff's without legal challenge or investigation based on wording." App'x 7 (Compl. ¶ 35). However, Tenemille failed to allege any further detail about these purportedly "identical" doctors' notes or about the other officers that would suffice to show that he was "similarly situated" to these other officers "in all material respects." *Radwan*, 55 F.4th at 132. Tenemille's conclusory assertion was not enough to "nudg[e] [his] claims across the line from conceivable to plausible." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

6

## II. Denial of the Motion for Reconsideration

"A denial of a motion to vacate a judgment under Rule 60(b) is reviewed for abuse of discretion." *Mandala v. NTT Data, Inc.*, 88 F.4th 353, 359 (2d Cir. 2023) (citation omitted). "Under this standard, we must affirm the denial of vacatur, unless the ruling is based on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Id.* (alteration and citation omitted).

The district court did not abuse its discretion by denying Tenemille's Rule 60(b) motion. On appeal, Tenemille primarily argues that his motion for reconsideration alleged fraud warranting relief under Rule 60(b)(3). "To prevail on a Rule 60(b)(3) motion, a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting his case." *State St. Bank & Trust Co. v. Inversiones Errazuriz Limitada*, 374 F.3d 158, 176 (2d Cir. 2004) (internal quotation marks and citation omitted). Here, Tenemille's allegations of fraud related solely to the alleged events underlying his fourth amended complaint. Because Tenemille did not show that the defendants prevented him from fully and fairly presenting his case, and instead merely reiterated his previous allegations, the district court did not abuse its discretion by denying Rule 60(b) relief.

7

We have considered Tenemille's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment and June 7, 2022 order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court